# IN THE SUPREME COURT OF THE STATE OF NEVADA

MATHEW LEE WILLIAMS,
Appellant,
vs.
ROBERT LEGRAND, WARDEN,
LOVELOCK CORRECTIONAL
CENTER,
Respondent.

No. 69265



FILED

JUL 1 3 2016

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

On November 29, 2012, the district court sentenced appellant Mathew Lee Williams to a term of life imprisonment with the possibility of parole after ten years, pursuant to his guilty plea to the charge of lewdness with a child under the age of 14 years. This court affirmed the judgment of conviction. *Williams v. State*, Docket No. 62302 (Order of Affirmance, September 18, 2013). On November 19, 2013, Williams filed a pro se postconviction petition for a writ of habeas corpus. The district court appointed counsel. Appointed counsel urged the district court to consider the petition's claims as raised and declined to supplement the petition. The State opposed the petition and moved to dismiss. On November 12, 2015, the district court filed an order granting the State's motion to dismiss the petition. This appeal followed.

16-21858

Williams argues that he received ineffective assistance from his trial and appellate counsel. To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). We give deference to the district court's factual findings but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Williams argues that trial counsel provided ineffective assistance in inducing him to accept a plea agreement by misleading him regarding the amount of evidence against him. The district court found that Williams failed to articulate specific facts supporting this claim. As Williams did not identify any particular misrepresentations and proffers only this general allegation of deficiency, we agree with the district court and conclude that this claim fails, as a bare allegation unsupported by specific factual allegations does not warrant relief. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).

Second, Williams argues that trial counsel failed to properly investigate his case. The district court found that Williams failed to support this claim with specific factual allegations and concluded that he had failed to show how additional investigation would have yielded a different outcome. As Williams has failed to address what evidence would have been uncovered by further investigation and we cannot discern from the record what might have been revealed, we conclude that Williams has

failed to establish a reasonable probability of a different outcome and that this claim fails. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004) (holding that appellant failed to show prejudice under *Strickland* where he failed to show what evidence a more thorough investigation would have yielded).

Third, Williams argues that appellate counsel deliberately raised invalid arguments in his direct appeal. The district court found that Williams failed to identify which arguments he claimed were invalid and concluded that he had failed to demonstrate the probability of a different outcome had counsel argued more effectively. As Williams has failed to identify any particular claim that was omitted and would have had a reasonable probability of success on appeal, we conclude that this claim lacks merit. *See Kirksey*, 112 Nev. at 998, 923 P.2d at 1114.

Fourth, Williams argues that his right to due process was violated because he was not shown the evidence against him and because the evidence was insufficient to establish his guilt beyond a reasonable doubt. The district court found that Williams freely and voluntarily entered a plea of guilty and thereby relieved the State of its duty to produce evidence. As Williams expressly waived his rights to be confronted with the evidence against him and to require the State to prove his guilt beyond a reasonable doubt, we conclude that he cannot assert a due process violation regarding the State's evidence and that this claim fails.[1]

---

[1]Additionally, we conclude that the district court did not err in denying an evidentiary hearing, as a petitioner is only entitled to an evidentiary hearing if his claims are supported with specific factual
*continued on next page...*

Having considered Williams' contentions and concluded that they are without merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:     Hon. Patrick Flanagan, District Judge
        Mary Lou Wilson
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk

---

*...continued*
allegations that would entitle him to relief if true. *Means v. State*, 120 Nev. 1001, 1016, 103 P.3d 25, 35 (2004).